OPINION OF THE COURT
William J. Garry, J.
Petitioners move by show cause for an order,
(1) Directing and requiring respondent Friends of Pataki '94 and respondent Pataki/McCaughey '94 to refund and return to respondent New Yorkers for D’Amato all of those sums expended by respondent New Yorkers for D’Amato for expenses incurred on behalf of and for the benefit of George Pataki as a candidate for Governor;
(2) Prohibiting and enjoining respondent New Yorkers for D’Amato from expending any sums for expenses incurred on behalf of and for the benefit of George Pataki as a candidate for Governor;
(3) Declaring that all activities of respondent D’Amato Victory Committee in New York State including the making of contributions to respondent New Yorkers for D’Amato were not authorized pursuant to the provisions of the Election Law because of respondent D’Amato Victory Committee’s failure to file the necessary committee statement of authorization or nonauthorization by candidates and committee designation of treasurer and depository and were, therefore, illegal;
(4) Declaring that respondent D’Amato Victory Committee illegally contributed and respondent New Yorkers for D’Amato illegally accepted contributions totalling $416,485.95 in excess of the maximum contribution permitted by the Election Law;
(5) Directing and requiring respondent New Yorkers for D’Amato to refund and return to respondent D’Amato Victory Committee the sum of $416,485.95; and
(6) Directing and requiring respondent Friends of Pataki '94 and respondent Pataki/McCaughey '94 to report all contributions made to respondent D’Amato Victory Committee and respondent New Yorkers for D’Amato as prior contributions to respondent Friends of Pataki '94 and respondent Pataki/ McCaughey '94 and to include those contributions in determining the maximum contribution to be permitted by any contributor.
*178 Respondents oppose such application and move to dismiss the petition in its entirety.
On July 27, 1994 the court granted the Attorney-General of the State of New York permission to file a memorandum of law on behalf of the State of New York as amicus curiae. The Attorney-General urges the court to find in favor of petitioners and grant their request for relief.
Petitioners are five qualified voters in the State of New York. Respondents are four committees, two on behalf of gubernatorial candidate George Pataki (Friends of Pataki '94 and Pataki/McCaughey '94), and two on behalf of Senator Alphonse D’Amato (New Yorkers for D’Amato hereinafter called D’Amato Committee and the D’Amato Victory Committee hereinafter called DVC). In this action, petitioners are challenging the movement of certain funds from DVC to the D’Amato Committee and ultimately to the two committees for Pataki. All of the named respondents are political committees organized under the Election Law except that DVC is a joint fundraising committee organized pursuant to 2 USC § 431 et seq., and the rules and regulations promulgated by the Federal Election Commission.
This action was commenced on July 21, 1994. On July 27, 1994, this court established a schedule for the filing of papers and argument. On the same day, respondents removed the action to Federal court. In an order dated August 4, 1994, District Judge Sifton, upon application by the petitioners, rejected respondent’s claims of preemption and remanded the action back to this court. On remand, the parties were directed by this court to file all responsive papers no later than the afternoon of August 9, 1994. On August 10, 1994 the action was recalendared and decision was reserved after an agreed set of facts was submitted and summations were heard by the court.
In deciding these applications, the court has considered the moving papers, exhibits received by the court, oral argument, the agreed set of facts and any memoranda of law submitted by the parties.
The following facts are uncontroverted. The D’Amato Committee filed with the New York State Board of Elections on July 29, 1993,
(a) Pursuant to Election Law § 14-112, Form No. CF-03 "Committee Statement of Authorization or Non-Authorization by Candidates”, verified by Joseph Farber, as treasurer, dated July 27, 1993;
*179 (i) In section A of the form (information as to authorized candidates) is entered "Not yet determined” without any indication as to date of election, office, district or name of candidate.
(ii) In section B of the form (information as to nonauthorized candidates) is entered "Not yet determined” without any indication as to date of election, office, district or name of candidate.
(b) Pursuant to Election Law § 14-118, Form No. CF-03, "Committee Designation of Treasurer and Depository” signed by Joseph Farber, dated July 15, 1993, indicating a new registration for 1994, election year of campaign.
(i) In section D of the form (candidate[s] to be supported), "Not yet determined”.
(ii) In section F (person[s] other than treasurer authorized to sign checks): Linda Schwanter, 29 Ingold Drive, Dix Hills, New York 11746.
Thereafter, on January 18, 1994 the D’Amato Committee filed a financial disclosure statement for the period from July 15, 1993 to January 11, 1994. The total receipts reported were $601,707.95, of which $154,372 was listed as contributions and $447,335.95 as "Transfers In”. The cash balance at the end of this period was $446,958.94.
Included in the total amount of "Transfers In” ($447,335.95) were the following "Transfers In” from DVC:
August 9, 1993 $ 8,626.63
October 19, 1993 1,555.47
October 20, 1993 420.00
November 5, 1993 356,850.00
December 16, 1993 30.11
December 29, 1993 49,003.74
TOTAL $416,485.95
On April 15, 1994, the D’Amato Committee filed Form No. CF-03, dated April 13, 1994 and verified by Joseph Farber, as treasurer — indicating "Amendment” and listed under section A, the date of election as September 13,1994 and November 8, 1994 for the Office of Governor, and the name of George E. Pataki. On the same date, a Form No. CF-02 was filed as an amended registration and under section D, indicated the Office of Governor and the candidate as George E. Pataki.
As is relevant, DVC filed a statement of organization (FEC *180 Form 1) with the Federal Election Commission, dated July 20, 1993 indicating that it is an authorized committee for:
Candidate: Alfonse D’Amato
Party Affiliation: Republican
Office Sought: US Senate
1992 Debt Retirement 1998 Re-Election
State/District
New York
Connected Organization or Affiliated Committee:
Friends of Senator D’Amato (1992 Committee)
Friends of Senator D’Amato (1998 Committee)
New Yorkers for D’Amato
Custodian of Records: Linda Schwanter
(Secretary/Director) P.O. Box 888
Mineóla, New York 11501
Subsequently and prior to engaging in any fundraising activities, DVC entered into with the participating committees (Friends of Senator D’Amato [1992 Committee], Friends of Senator D’Amato [1998 Committee] and the D’Amato Committee) a written agreement as to the allocation and direction of the contributions to the respective committees.
Thereafter, DVC utilized a fundraising notice as to the terms of the agreement in the solicitation of contributions. On January 18, 1994, DVC filed with the New York State Board of Elections a financial disclosure statement for the period from July 15, 1993 to January 11, 1994 with a covering letter from the treasurer, Jack Libert. This filing was in compliance with section 4-124 of the Election Law, as well as the Federal regulations.
The financial disclosure statement of January 18, 1994 by the DVC listed all the individual contributors which were allocated to the D’Amato Committee, pursuant to the "Joint Fundraising Agreement”. The report also indicated that the sum of $416,485.95 was a transfer out to the D’Amato Committee.
DVC, organized under Federal law and without any discretion as to the use or disbursements of any contributions *181 received, was not a political committee as defined by section 14-100 of the Election Law (see, 1975 Opns NY St Bd of Elections No. 16).
Therefore, the financial disclosure statements filed with the New York State Board of Elections on January 18, 1994 by both the D’Amato Committee and DVC, when received jointly, were proper reports and listed all the individual contributors to the intended New York State political committee, the D’Amato Committee.
The statement of organization for DVC filed with the Federal Election Commission indicated that DVC was an authorized committee of Alfonse D’Amato and the affiliated committees were:
Friends of D’Amato (1992)
P.O. Box 888
Mineóla, New York 11501
Friends of D’Amato (1998)
P.O. Box 888
Mineóla, New York 11501
New Yorkers for D’Amato 100 Willis Avenue Mineóla, New York 11501
and the custodian of records:
Linda Schwanter (Title: Secretary/Director)
P.O. Box 888
Mineóla, New York 11501
The D’Amato Committee, on July 29, 1993, filed with the New York State Board of Elections, pursuant to section 14-118 of the Election Law, a "Committee Designation of Treasurer and Depository” (Form No. CF-02) indicating a Linda Schwanter of 29 Ingold Drive, Dix Hills, New York, as a person authorized to sign checks.
On July 29, 1993, a purported "Committee Statement of Authorization or Non-Authorization by Candidates” (Form No. CF-03) was filed pursuant to section 14-112 of the Election Law, which states as to authorized or nonauthorized candidates support the words "Not Yet Determined”. There is no provision in the law for such a statement.
*182 On April 15, 1994, an amended registration Form No. CF-02 was filed with the New York State Board of Elections indicating the candidate to be supported as "George E. Pataki”.
Thereafter, on April 27, 1994, a letter signed by Alfonse D’Amato, on the letterhead of the D’Amato Committee, was prepared and ostensibly circulated. The entire letter was written in the first person by the signer, Alfonse D’Amato.
It is inconceivable to this court how the D’Amato Committee was neither a nonauthorized nor authorized committee of Alfonse D’Amato, as a candidate. Mr. D’Amato specifically authorized DVC, Friends of D’Amato (1992) and Friends of D’Amato (1998) and further appointed a secretary/director, Linda Schwanter, who was authorized to sign checks for the D’Amato Committee. The April 27, 1994 letter of Mr. D’Amato certainly indicates he controls the funds of the D’Amato Committee. The court, therefore, finds that the D’Amato Committee was an authorized committee as of the date of its formation (i.e., July 15, 1993).
The filings on April 15, 1994 by the D’Amato Committee of an amended registration (Form No. CF-02) of the committee designation of treasurer and depository, pursuant to section 14-118 of the Election Law and the committee statement of authorization or nonauthorization by candidates (Form No. CF-02) which is designated "Amendment”, without provision in the Election Law of the State of New York, both of which designate as the candidate, George E. Pataki, constituted a delivery of all the funds of the D’Amato Committee to the candidate George E. Pataki.
Section 14-100 of the Election Law provides:
"§ 14-100. Definitions
"As used in this article * * *
"9. 'contribution’ means * * *
"(2) any funds received by a political committee from another political committee to the extent such funds do not constitute a transfer * * *
"10. 'transfer’ means any exchange of funds or any thing of value between political committees authorized by the same candidate and taking part solely in his campaign, or any exchange of funds between a party or constituted committee and a candidate or any of his authorized political committees.”
The delivery of these funds was a "contribution” as defined *183 by section 14-100 (9) (2) not a "transfer” as defined by section 14-100 (10) of the Election Law.
The disclosure statement filed with the New York State Board of Elections of the D’Amato Committee on July 13, 1994 covers the reporting period of January 12, 1994 to July 11, 1994. As filed, said disclosure statement indicates an opening balance of $446,958.94, with contributions of $1,293 and $100 as a transfer in for a total of $1,393. Using the date of April 15, 1994 as the date of contribution from the D’Amato Committee to George E. Pataki, the income to the committee prior to April 15, 1994 was $200 rather than $1,393. This would necessarily change the total of receipts and opening balance to $447,158.94 rather than $448,351.94 as reported. Again, using the April 15, 1994 date for expenses of the D’Amato Committee up to page 10, item 4 of Schedule F (expenses), the expenses would have been $59,976.76 plus the transfer out to New York State Republican Committee (Schedule H) in the amount of $15,000 and the contributions refunded (Schedule M) of $3,000. These expenses and refunds of $77,976.76 would reduce the amount reported in the disclosure statement as the cash balance to $369,182.18.
Therefore, the D’Amato Committee contributed the sum of $369,182.18 to the campaign of George E. Pataki for Governor of the State of New York. This sum is far in excess of the limitations of section 14-114, of $12,000 for a State-wide primary and the sum of $25,000 for a general election.
The contribution of $369,182.18 by the D’Amato Committee was by means of the payment of various expenses incurred by the Pataki campaign, which should have been paid by either of the respondents, Friends of Pataki '94 or Pataki/McCaughey '94.
Accordingly, the court directs that the respondents, Friends of Pataki '94, Pataki/McCaughey '94 or their successors, refund and return to the respondent, New Yorkers for D’Amato, the sum of $369,182.18.
The balance of petitioners’ applications have been considered and are denied.
The 12 affirmative defenses raised by respondents have been considered and found to be without merit. Accordingly, they are dismissed.